## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Natalia Mitlina,

                Plaintiff,

     v.

NCO Financial Systems, Inc.,

                Defendant.

Civil Action No.: _____

## COMPLAINT

For this Complaint, the Plaintiff, Natalia Mitlina, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.     Plaintiff, Natalia Mitlina (hereafter "Plaintiff"), is an adult individual residing in Brookline, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, NCO Financial Systems, Inc. (hereafter "Defendant"), is a foreign corporation with a principal place of business at 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant first contacted the Plaintiff and alleged that she was calling on behalf of a federal program designed to assist delinquent borrowers.

10.     The Plaintiff, believing that the Defendant could be of assistance to her, was induced into revealing her financial information, including her bank account information.

11.     The Defendant then began contacting the Plaintiff to collect on the debt, and began making multiple threats.

12.     The Defendant threatened to attach the Plaintiff's income tax return.

13.     The Defendant then began making threats to garnish the Plaintiff's wages, specifically informing the Plaintiff that, "If you are not cooperating and want something in writing, we will garnish your wages."

14.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

17.     The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

18.     The Defendant falsely represented to the Plaintiff that it was affiliated with the United States or a government entity, in violation of 15 U.S.C. § 1692e(1).

19.     The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

20.     The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

21.     The Defendant threatened the Plaintiff with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

22.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23.     The Defendant failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

24.     The Defendant used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

25.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

29.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

4

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6.  Punitive damage; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 5, 2009

Respectfully submitted,

By

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671

5